

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 8, 1947

Hon. Wayne L. Hartman          Opinion No. V-128
County Attorney
DeWitt County               Re: Legality of separate school
Cuero, Texas                     building for instruction of
                                 Latin-American students.

Dear Sir:

        The question raised in your letter of March 20, 1947, reads as follows:

        "Does the Board of Trustees of the Cuero Independent School District have the power to construct and maintain a separate school building for instruction of Latin-American students in the first three elementary grades, after due classification based upon their individual needs and aptitudes, if, in the opinion of the Board such separation is essential to the best educational interests of the students assigned to said separate school, as well as to the best educational interests of all students in said district?"

        Mexican or Latin-American students cannot be segregated, as such, in the public schools. Independent School District v. Salvatierra, (1930), 33 S.W. (2d) 790, at 795, cert. den., 284 U. S. 580, 52 S. Ct. 28, 76 L.Ed. 503; Mendez v. Westminster School Dist. (D. C. Cal. 1946) 64 F. Supp. 544.

        The Court, in the Mendez case above referred to, expressed doubt as to the constitutionality of separate schools for Mexicans in the elementary grades of California. In that state, the legislature provided for separate schools for Chinese, Japanese, and Mongolians; but there is no statutory authorization for segregation of Mexicans. Certain cities segregated Mexican pupils through the sixth grade, and other cities through the eighth grade -- solely because they were Mexicans. No tests were made on language ability or aptitude. The Federal Court granted an injunction against such practice. The Court stated, at page 549:

"We think that under the record before us the only tenable ground upon which segregation practices in the defendant school districts can be defended lies in the English language deficiencies of some of the children of Mexican ancestry as they enter elementary public school life as beginners. But even such situations do not justify the general and continuous segregation in separate schools of the children of Mexican ancestry from the rest of the elementary school population as has been shown to be the practice in the defendant school districts -- in all of them to the sixth grade, and in two of them through the eighth grade."

In Independent School District v. Salvatierra, 33 S. W. (2d) 790, (cert. den.), the San Antonio Court of Civil Appeals refused to enjoin the action of the city of Del Rio in erecting and maintaining a separate building on the same school grounds where Mexican pupils were sent through the "low third" grade. While that suit was dismissed because no specific case was before the Court, the language of the opinion is persuasive. The opinion reads:

"In this case the school board, through its superintendent, has effectuated, and intends in the future to continue, the segregation of the Mexican children in the first, second, and third grades, giving therefor the reasons set out at length in the testimony of the superintendent. This court cannot say that either reason given by the superintendent for the segregation complained of is unreasonable, if impartially applied to all pupils alike, or that it does not evince a careful study of the practical problem confronting him, or a sincere effort to solve that problem in such manner as to secure the greatest benefits to the school children of the district. To the extent that the plan adopted is applied in good faith as to those brought within the projected classification, with no intent or effect to discriminate against any of the races involved, it cannot be said that the plan is unlawful or violative even of the spirit of the constitution. . . .

"In this case this court can say no more than that the school authorities have no power to arbitrarily segregate Mexican children, assign them to separate schools, and exclude them from schools maintained for children of other white races, merely or solely because they are Mexicans."

It is our opinion, therefore, that based solely on language deficiencies and other individual needs and aptitudes, the school district may maintain separate classes, in separate buildings, if necessary, for any pupils with such deficiencies, needs, or aptitudes, through the first three grades. The Legislature has expressly provided for segregation and special treatment of certain classes of pupils, termed "exceptional students". Art. 2922-2 (Acts 1945, c. 369, p. 668). But, as emphasized in the Salvatierra and Mendez cases above, the classification under consideration here must be based on the language deficiency, or individual need or aptitude, after examinations, and other properly conducted tests, equally applied to all pupils who come within the classification.

## SUMMARY

The Cuero Independent School District may not segregate Latin-American pupils, as such. Based solely on language deficiencies or other individual needs or aptitudes, separate classes or schools may be maintained for pupils who, after examinations equally applied, come within such classifications. No part of such classification or segregation may be based solely upon Latin-American or Mexican descent. Independent School District v. Salvatierra, 33 S. W. (2d) 790, cert. den. 284 U. S. 580.

Yours very truly,

APPROVED APR. 8, 1947                    ATTORNEY GENERAL OF TEXAS

/s/ Price Daniel
    Price Daniel                         By    /s/ Joe R. Greenhill
ATTORNEY GENERAL                                Joe R. Greenhill
                                                Assistant

JRG:wb:dr:mrj:jrb